# Richmond

## CARROLL B. GRAY v. FANNIE E. GRAY.

March 8, 1943.

Record No. 2617.

Present, Campbell, C. J., and Gregory, Browning, Eggleston and Spratley, JJ.

The opinion states the case.

*Henry Bowden,* for the appellant.

*Tom E. Gilman* and *James G. Martin & Son,* for the appellee.

Gregory, J., delivered the opinion of the court.

In September, 1937, Carroll B. Gray instituted a suit for divorce *a mensa et thoro* against his wife, Fannie E. Gray. She answered and also filed a cross-bill in which she sought a similar divorce on the ground of desertion. The court granted her the relief for which she prayed and alimony of $50 per month.

On November 3, 1941, Gray filed a supplemental bill in which he recited the prior proceedings and alleged that since the prior decree his wife had been guilty of adultery with one Joe Lowe during the months of July and August, 1941.

Mrs. Gray answered the supplemental bill and denied the allegations of adultery. She also filed a cross-bill and alleged that the desertion of her husband had continued without interruption since September, 1937, and prayed that the former decree for divorce *a mensa et thoro* be merged into an absolute divorce from the bonds of matrimony.

The evidence was by depositions and on February 13, 1942, a final decree was entered whereby appellant's supplemental bill was dismissed and the former decree, in favor of Mrs. Gray, was merged into one for absolute divorce. The alimony of $50 per month was continued.

The procedure adopted in this cause is authorized by Michie's Code, section 5112a (Acts of Assembly 1934, p. 504).

It was conceded by counsel for both parties that the sole question involved is whether or not the evidence establishes that the appellee was guilty of adultery committed after the entry of the former complaint. The question presented is purely one of fact which has been resolved

against the appellant by the lower court. If the evidence is sufficient to sustain the decree then we must affirm.

The allegations of the adultery of Mrs. Gray in the supplemental bill of complaint were that she had committed adultery with one Joe Lowe on six specified dates in July, and thirteen in August, 1941. All of the acts were alleged to have taken place at the home of Mrs. Gray in the city of Portsmouth.

When the evidence was taken only two acts of adultery were sought to be proved,—one on August 15, 1941, and the other on August 17, 1941. We are limited in our review of the evidence to those specific charges. To sustain these the complainant introduced J. T. Branch, a detective, and one Swift, his assistant. They testified that they went to the rear of the residence of Mrs. Gray on the night of August 15th and stationed themselves at a point in the back yard where they had a good view of the back porch; that Mrs. Gray and Lowe were in the kitchen and later went to the back porch and there, on a cot, committed adultery. They testified that these parties committed adultery at the same place on the night of August 17; that there was sufficient light and they were close enough to see what took place.

Mrs. Gray was 54 years of age at the time of the alleged acts and Lowe was 30. She was conducting a rooming house and Lowe was a roomer. She had two children by a former marriage, a son 32 who lived with her and a daughter 29 years old. Lowe had been a friend of the Grays and her two children for many years. When he was in the Navy he frequently wrote friendly letters to Mrs. Gray. During his acquaintanceship and prior to his residence in Mrs. Gray's home, he had been a frequent guest. He had been a friend of Mr. Gray.

Mrs. Gray had her rooms filled so she slept on a cot on the screened back porch. The weather in August, 1941, was hot. Her son occupied the second room from the back porch on the same floor. All of the windows were usually raised on account of the heat. Mrs. Gray's home was one-half of a double house and the back porch ran in the rear

of the entire house, with a partition separating her half from the other half.

In the other half lived the Pierces, a young married couple, and they too slept on their part of the screened back porch in hot weather.

On the nights in question, Mrs. Gray had had a dog loose in her back yard and the Pierces also had a dog in their half of the back yard. The next door neighbor had five dogs in his yard that were loose.

At the time in question Mrs. Gray was suffering from the effects of menopause. There is testimony that this affliction caused her almost constant pain and hemorrhage during August, 1941, and that she was too sick to engage in the alleged acts.

Mrs. Gray denied that she had been guilty of adultery. She said her interest in Lowe was purely friendly. She described the conditions surrounding her back porch and stated that detectives Branch and Swift could not have seen what they claimed took place on the back porch. Other witnesses corroborated her in this respect.

Lowe testified positively that he had never had improper relations with Mrs. Gray. He detailed his relations with the Gray family and stated that they were only friendly in character. There was testimony that the dogs would have likely spread the alarm if witnesses Branch and Swift had actually been in the rear of Mrs. Gray's home.

The occupants of the other half of the house testified that they slept on the back porch, and they neither heard nor saw anything that would indicate improper conduct on the part of Mrs. Gray. They stated that only a partition separated them from Mrs. Gray and that unusual noise on Mrs. Gray's part likely would have attracted their attention.

■ There was other testimony but we will not refer to it because we think the evidence already referred to is sufficient to sustain the decree. Having reached this conclusion we need go no further.

The evidence was in hopeless conflict. The trial court was of opinion that the alleged adultery of Mrs. Gray had

not been proven. It discarded the testimony of the detectives and accepted that of Mrs. Gray and her witnesses. This it had the right to do. The decree is affirmed.

*Affirmed.*